# CASES

IN THE

# SUPREME JUDICIAL COURT,

FOR THE

COUNTY OF SOMERSET, JUNE TERM, 1834.

## Holbrook vs. Holbrook & Trustee.

*Preston* and another gave *Holbrook* a promise in writing to indemnify and save him harmless from all claim, right and title one S. H. had *in certain lands*, on his, *Holbrook's* conveying the same to *Preston* — Held that, a bond then subsisting, given by *Holbrook* to S. H. conditioned for the conveyance of the same land to him, was a claim, right and title contemplated by the contract; and that *Preston* and another were liable to *Holbrook*, for the amount he had been compelled to pay S. H. in a suit on the bond.

But *Holbrook*, prior to said conveyance to *Preston* and promise of indemnity, having given a bill of sale to S. H. of a barn standing on the premises; it was holden that, it did not pass by the conveyance to the latter, though not excepted, and that consequently, the latter was not liable to *Holbrook*, for the value of said barn, which he, *Holbrook*, had paid to S. H. under his *supposed* liability to him.

ASSUMPSIT upon the following contract, *viz*: " This may certify that we *Joseph Holbrook*, as principal, and *Warren Preston*, as surety, do agree to indemnify and save harmless *Samuel Holbrook*, from all claim, right and title *Saul Holbrook* has in the premises conveyed by said *Samuel* to the said *Preston* by deed dated *April* 29, 1828.

*Joseph Holbrook,*
*Warren Preston.*

Dated, *June* 7, 1828."

It appeared, that prior to the making of this contract, *viz*: *June* 21, 1826, the plaintiff gave to *Saul Holbrook* a bill of sale

Holbrook v. Holbrook & Trustee.

of the barn standing on said *Samuel's* farm. And also on the 9th day of *June*, 1827, gave to said *Saul* a bond conditioned to give him a good and sufficient deed of a certain parcel of land on or before the 1st day of *March*, 1828, on payment by him, to the plaintiff, of the sum of $135.

On the 29th of *April*, 1828, *Samuel Holbrook* conveyed the same land, not *excepting* the barn, by deed of warranty, which was not delivered till *June* 9, 1828, to *Warren Preston*; the defendants at the same time, making and executing the writing, declared on in this action.

At the *November* term of the Court of Common Pleas, in this county, *Saul Holbrook* commenced his action against *Samuel Holbrook* for a breach of the covenants in his obligation aforesaid of the 9th of *June*, 1827, which was continued to *March*, 1828, when said *Saul* recovered on default, the sum of $143,43 damage, and costs of suit taxed at $12,44. At the *June* term, 1829, he also commenced his action against *Samuel*, the plaintiff, to recover back the price paid for the barn aforesaid, in which he recovered on the default of said *Samuel*, the sum of $50,16 damage, and costs of suit taxed at $7. Both of these judgments, it was admitted, had been paid by the present plaintiff. And *Saul Holbrook* testified, that he never had any other claims upon the premises than what were contained in the bond and bill of sale aforesaid.

The defendant's counsel contended, that by a legal construction of the contract declared on, they were not bound to save harmless the plaintiff from the claim of *Saul Holbrook*, against the plaintiff, arising either from the bond or bill of sale aforesaid, but *Weston J.* instructed them, that by the said contract the defendants were bound to save the plaintiff harmless from *both* said claims.

The jury returned their verdict for the plaintiff. If they were not properly instructed, the verdict was to be set aside, and a new trial granted; otherwise judgment was to be rendered thereon.

*Boutelle* and *Wells*, for the defendants, contended that the plaintiffs were not entitled to recover, because *Saul Holbrook* by virtue of the bond and bill of sale had no " claim, right or title *in the premises*." They constituted a personal claim merely

against *Samuel Holbrook*, but could give him no *interest in the land* itself. And it was against claims of the latter description only, that the defendants agreed to indemnify the plaintiff. They contended also, that the plaintiff was estopped by the covenants in his deed, to deny that he had a perfect title to the land conveyed by him. *Fairbanks* v. *Williamson*, 7 *Greenl*. 96.

*Allen* and *Tenney*, for the plaintiff, maintained that the terms of the contract declared on, were broad enough to embrace the claim of *Saul Holbrook* under the bond and bill of sale aforesaid. The bill of sale was directly of a portion of the premises — and the obligation might have been enforced in a suit at equity, and specific performance of it obtained. They may therefore be very properly denominated claims *in the premises*. *Ensign* v. *Kellog & al.*, 4 *Pick*. 1 ; *Getchell* v. *Jewett*, 4 *Greenl*. 350.

MELLEN C. J. — On the 9th of *June*, 1827, *Samuel Holbrook*, the plaintiff, gave a bond to *Saul Holbrook*, conditioned to give him a good and sufficient deed of a certain parcel of land, on or before the 1st of *March*, 1828, on payment by him to the plaintiff of the sum of $135. On the 29th of *April*, 1828, a deed of said land was made, bearing the above date, by the plaintiff, conveying the same to said *Preston*, one of the defendants, but it was never delivered till *June* 9th, 1828 : at which time also the contract declared on was executed, though that also bears the date of *April* 29th, 1828. By this contract the defendants agreed to indemnify and secure the plaintiff harmless from all *claim, right* and *title* which said *Saul* then had *in the premises*. What is the true construction of this contract ? By the terms of it, both defendants must be considered as knowing of the existence of the abovementioned bond, and that the condition of it had been violated. They must have considered *Saul* as having some claim, right or title in the land, whatever might have been the fact, on strictly legal principles ; and it would seem that the indemnity intended, was against the consequences of his assertion of his claim and right. It is true, that on the 9th of *June*, 1828, *Saul* had no legal title to the land, but he had to damages for the breach of the condition, equal to the value of the land. For what purpose could the defendants' contract have been made, but

to save the plaintiff harmless from the payment of those damages which *Saul* has since recovered and the plaintiff has paid ? Is the defendant, *Preston,* to avoid his contract, and his surety also, by explaining away all its meaning ? *Mr. Preston,* as a lawyer, must have known that *Saul Holbrook,* in virtue of *Samuel Holbrook's* bond, had not acquired any *legal title* in and to the land, though he had what was probably considered by all concerned as an equivalent. For some reason, *Preston* was desirous of obtaining a legal title to the land, and for the sake of succeeding, he and his surety agree to stand between the plaintiff and all harm and damage, in consequence of the bond he had given to *Saul.* This is the common-sense understanding of the transaction, and in evident accordance with the truth and justice of the case. In this view of the cause we think the instruction of the Judge was correct, with respect to the plaintiff's right to recover the amount which the jury allowed on account of the sum which he had paid for the non-conveyance of the land in question to *Saul,* in satisfaction of the judgment he recovered.

The subject of the barn, and the instruction of the Judge as to the plaintiff's right to recover its value, next claim our consideration. The bill of sale bears date *June* 21, 1826. In virtue of this, *Saul Holbrook* immediately became *owner* of the barn, and the barn immediately became *personal property,* in the same manner as though he had built it at his own expense upon the land, by the consent of the plaintiff; and therefore, according to our decision in the case of *Russell* v. *Richards & al.* 1 *Fairf.* 429, it did not pass by the plaintiff's deed to *Preston.* He should have defended the action which *Saul* brought against him, and prevented his recovering back the price which he paid for it : but instead of doing this, he consented to the claim and was defaulted. His surrender to *that* claim, furnishes no foundation for a claim against the defendants. Besides, the agreement of the defendants, declared on, has no reference to the sale of the barn, which was made two years before ; but exclusively relates to the claim, title and interest of *Saul* in the *real estate* or *premises in question.* The case before us, furnishes no proof of any promise of indemnity or reimbursement on account of the barn or its value. We are therefore of opinion, that the instruction as to this portion of

the plaintiff's claim cannot be approved. The consequence is, that the verdict must be set aside and a new trial granted, unless the plaintiff will release on record, so much of the amount of the verdict as is composed of the sum allowed by the jury, on account of the judgment rendered against the plaintiff for $50,16 damage, and $7,00, costs. Should such sum be so released, judgment is to be entered on the verdict for the residue.